UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

GERMAN NINO,

        Defendant.
_____/

# COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## I. Introduction

1. This case concerns a multi-year fraud by German Nino ("Nino"), a registered representative and investment adviser representative associated with UBS Financial Services Inc. ("UBS"), a financial services firm dually-registered with the Commission as a broker-dealer and an investment adviser. Between May 2014 and February 2020, Nino stole approximately $5.8 million from a long-standing advisory client.

2. As part of this scheme, Nino represented to the client that he would invest the client's funds in securities, but, instead, Nino used the funds for personal expenses—primarily gifts and travel and living expenses for women with whom he had romantic relationships. Nino also used a portion of the stolen funds to fully repay another client from whom he had previously misappropriated funds.

3. To conceal his fraud, Nino created and provided the client with fictitious account statements purporting to show the client's investment portfolio and related balances, when in fact

the accounts had significantly smaller balances. Nino also manipulated UBS's records to ensure that the client did not receive notifications for wire transfers out of one of the client's accounts. To effectuate larger fraudulent transfers, Nino forged the client's signature on letters of authorization.

4.  By engaging in the conduct described herein, Nino directly violated numerous anti-fraud provisions of the federal securities laws as described in more detail below. The Commission seeks injunctive relief, disgorgement and prejudgment interest, and civil penalties against Nino.

## II.  Defendant

5.  Nino, 56, is a resident of Weston, Florida. From July 2012 through August 2020, when he resigned, Nino was a registered representative associated with UBS, a broker-dealer and investment adviser registered with the Commission.

## III.  Jurisdiction and Venue

6.  This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa], and Sections 209(d), 209(e)(1), and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d), 80b-9(e)(1), and 80b-14].

7.  The Court has personal jurisdiction over Nino and venue is proper in this district pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27(a) of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14] because Nino resides in this district, transacted business in this district, and many of the acts, practices, and courses of business constituting the violations alleged herein occurred within the Southern District of Florida.

8. Nino has, directly or indirectly, made use of the means and instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the acts, transactions, practices, and courses of business alleged in this Complaint.

### IV. Facts

9. At UBS, Nino was the financial advisor for the accounts of a high-net-worth couple ("Client") who had invested approximately $11 million with UBS through Nino. Nino had discretionary authority over several of Client's securities brokerage accounts and represented to Client that he would invest their funds in securities.

10. In May 2014, Nino began making unauthorized wire transfers out of certain of Client's UBS accounts, and would sometimes liquidate Client's securities at or about the same time as the wire transfers. Nino ultimately deposited those funds into a bank account that Nino kept separately from his marital accounts.

11. Nino continued this conduct until February 2020, ultimately stealing approximately $5.8 million.

12. Nino spent approximately $4.6 million of the stolen money on several women with whom he had romantic relationships. His purchases ranged from small gifts and vacations, to luxury cars, private school tuition, and an apartment in Colombia.

13. Nino spent the balance of the stolen proceeds, approximately $1.2 million, to fully repay another advisory client from whom he had previously misappropriated funds.

14. Nino perpetuated and concealed the fraud in several ways:

    a. In regular meetings or discussions with Client, Nino misrepresented the performance, account balances, and rates of return for the affected accounts, while failing to disclose his unauthorized transfers.

      b.      For transfers of $100,000 or more, Nino prepared and submitted to UBS fraudulent letters of authorization containing Client's forged signatures.

      c.      Nino altered UBS's records relating to one of Client's accounts to ensure that Client did not receive email notification of wire transfers from that account.

      d.      Nino prepared and provided Client with false account statements that inflated the balances in two of the affected accounts.

15.      In early 2020, Client's son discovered discrepancies with the account balance in one account, and began to confront Nino.  Eventually, Nino confessed to the son that he had stolen Client's money, promising that he would pay Client back with a signing bonus he would receive when he joined a new firm.  Client subsequently alerted UBS, which began to investigate the issue. In February 2020, UBS requested that Nino submit to an interview as part of its investigation. Nino resigned instead.

## V.  Claims For Relief

## COUNT I

**Violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(a)**

16.      The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

17.      From in or about May 2014 through in or about February 2020, Nino, in connection with the purchase and sale of securities, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of a national securities exchange, directly or indirectly, knowingly or severely recklessly used and employed devices, schemes and artifices to defraud.

18. By reason of the foregoing, Nino violated, and, unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(a) [17 CFR § 240.10b-5(a)] thereunder.

## COUNT II

### Violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(b)

19. The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

20. From in or about May 2014 through in or about February 2020, Nino, in connection with the purchase and sale of securities, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of a national securities exchange, directly or indirectly, knowingly or severely recklessly made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

21. By reason of the foregoing, Nino violated, and unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) [17 CFR § 240.10b-5(b)] thereunder.

## COUNT III

### Violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(c)

22. The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

23. From in or about May 2014 through in or about February 2020, Nino, in connection with the purchase and sale of securities, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of a national securities exchange, directly or indirectly,

knowingly or severely recklessly engaged in acts, practices and courses of business which operated as a fraud and deceit upon any person.

24. By reason of the foregoing, Nino violated, and, unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(c) [17 CFR § 240.10b-5(c)] thereunder.

## COUNT IV

### Violations of Section 17(a)(1) of the Securities Act

25. The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

26. From in or about May 2014 through in or about February 2020, Nino, in the offer and sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly, knowingly or severely recklessly employed devices, schemes and artifices to defraud.

27. By reason of the foregoing, Nino violated, and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT V

### Violations of Section 17(a)(2) of the Securities Act

28. The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

29. From in or about May 2014 through in or about February 2020, Nino, in the offer and sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly, negligently obtained money or property by means of untrue statements of material fact and omissions of material facts necessary

in order to make the statements made, in light of the circumstances under which they were made not misleading.

30. By reason of the foregoing, Nino violated, and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)].

## COUNT VI

### Violations of Section 17(a)(3) of the Securities Act

31. The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

32. From in or about May 2014 through in or about February 2020, Nino, in the offer and sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly, negligently engaged in transactions, practices, and courses of business that operated as a fraud or deceit upon purchasers of securities.

33. By reason of the foregoing, Nino violated, and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)].

## COUNT VII

### Violations of Sections 206(1) of the Advisers Act

34. The Commission realleges Paragraphs 1 through 15 and incorporates them by reference herein.

35. Nino, for compensation, engaged in the business of directly advising others as to the value of securities or as to the advisability of investing in, purchasing, or selling securities. Nino was therefore an "investment adviser" within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

36.     From in or about May 2014 through in or about February 2020, Nino, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, knowingly or recklessly employed a device, scheme, or artifice to defraud one or more clients or prospective clients.

37.     By reason of the foregoing, Nino violated and, unless enjoined, is reasonably likely to continue to violate Section 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)].

## COUNT VIII

### Violations of Sections 206(2) of the Advisers Act

38.     The Commission realleges Paragraphs 1 through 15 and 35 and incorporates them by reference herein.

39.     From in or about May 2014 through in or about February 2020, Nino by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, negligently engaged in transactions, practices, or courses of business which operated as a fraud or deceit upon one or more clients or prospective clients.

40.     By reason of the foregoing, Nino violated and, unless enjoined, is reasonably likely to continue to violate Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)].

## VI. Relief Requested

**WHEREFORE**, the Commission respectfully requests the Court find that Nino committed the violations of the federal securities laws alleged in this Complaint and:

### A. Permanent Injunction

Enter an Order permanently restraining and enjoining Nino from, directly or indirectly, violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange

Act [15 U.S.C. § 78j] and Rule 10b-5 thereunder [17 CFR § 240.10b-5], and Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

### B. Disgorgement and Prejudgment Interest

Issue an Order requiring Nino to disgorge the ill-gotten gains received as a result of the violations alleged in this Complaint, including prejudgment interest, resulting from the acts or courses of conduct alleged in this Complaint.

### C. Civil Penalties

Issue an Order directing Nino to pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

### D. Further Relief

Grant such other and further relief as this Court may deem just and appropriate.

### VII. Retention Of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action and over the Defendant in order to implement and carry out the terms of all orders and decrees that may hereby be entered, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

## **VIII. Jury Trial Demand**

The Commission hereby demands a trial by jury on any and all issues in this action so triable.

January 21, 2022

Respectfully submitted,

By: */s/ Andrew O. Schiff*
Andrew O. Schiff, Esq.
Senior Trial Counsel
S.D. Fla. No. A5501900
Direct Dial: (305) 982-6390
Email: schiffa@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4146